Northern Central Railway Co. *vs.* The State.

</div>

(Decided February 20th, 1861.)

<div align="center">

## NORTHERN CENTRAL RAILWAY COMPANY *vs.* THE STATE OF MARYLAND.

</div>

The Northern Central Railway Co. executed a mortgage of its road to the State, under the provisions of the Act of 1854, ch. 260, which contains a *covenant* to pay the State an annuity of $90,000, payable in *quarterly instalments*, commencing from the date of the mortgage, in the manner required by the provisions of that Act. This mortgage also contains a *proviso*, that until default is made in the payment of said annuity *or* some part thereof, "and until three months subsequent to a default of the company to pay the *whole amount* of said annuity which may fall due in any one year," the company shall quietly enjoy the road, &c., "without any lawful *let, suit, interruption, disturbance, claim* or *demand* whatsoever," by the State or any one lawfully claiming under it. HELD:

Northern Central Railway Co. vs. The State.

*1st.* That the failure to pay any quarterly instalment is a breach of the *covenant,* which gives the State an immediate right of action therefor, unless that right is limited or controlled by the subsequent *proviso.*

*2nd.* The Act of 1854, ch. 260, though it may not avoid the *proviso,* may yet be properly referred to, to aid in the construction of the meaning of the mortgage where its terms are equivocal in their import.

*3rd.* But by the mortgage itself, and construing its terms according to their fair and reasonable import, the default in paying the whole amount, &c., is equivalent to saying, if the whole amount be not paid in any one year, and does not import that a whole year's annuity must be in arrear for three months before the State can sue.

APPEAL from the Superior Court of Baltimore City.

Action brought on the 10th of November 1860, by the appellee against the appellant, to recover arrears of an annuity of $90,000, which the company stipulated to pay to the State by its mortgage of the 27th of January 1855, executed under the provisions of the Act of 1854, ch. 260.

The covenant declared on, and the stipulations of the mortgage, as well as the pleadings in the case, are fully stated in the opinion of this court. The account filed with the mortgage claims quarterly instalments of $22,500 each, due respectively on the 27th of October 1859, and the 27th of January, April and July, 1860, reduced by a payment of $10,000 made on the 23rd of August 1860. During the progress of the suit there was a further credit directed to be allowed of $10,000, paid on the 22nd of October 1860.

The court below (MARTIN, J.) sustained the plaintiff's demurrer to the defendant's plea, and gave judgment for $70,701.68 in favor of the plaintiff, from which the defendant appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*J. Mason Campbell,* for the appellant:

The defence set up in the plea was good and sufficient to defeat the action, The plaintiff's claim is based solely on the mortgage filed with the declaration, and upon its terms the plaintiff's case must stand or fall. Among others that mortgage contains this proviso: "*Provided* always, that until

2    v.17

default is made in the payment of the said annuity of $90,000 a year, or some part thereof, *and until three months subsequent to a default of the company to pay the whole amount of said annuity which may fall due in any one year*, it shall and may be lawful to and for the Northern Central Railway Company aforesaid, to hold and enjoy the said railroad and other the premises hereby granted and sold, or intended and meant so to be, and the income, profits and produce thereof, to receive and to take to its own use, without any lawful let, suit, interruption, disturbance, claim or demand whatsoever, of, from or by the State of Maryland aforesaid, or any person or persons lawfully claiming or to claim by, from or under the said State."

This provision, it is insisted, prevented the State from instituting any suit upon the covenant to pay in the mortgage, until a *whole year's annuity* had been in arrear three months. The plaintiff's claim as stated will show that this period had not arrived when the suit was brought. By that statement only $80,000 was due, being $10,000 short of the amount of whole year's annuity; and after this statement was made, but before the suit was instituted, a further payment of $10,000 was made by the defendant, so that the amount actually due when the suit was brought, was $20,000 less than the amount required by the terms of the mortgage to be in arrear, to warrant a suit by the plaintiff. For this reason the judgment ought to be reversed and the plaintiff's action defeated.

*Thos. S. Alexander*, for the appellee, argued:

1st. That the State may sue for the recovery of a quarterly instalment of the annuity covenanted to be paid immediately after default made in payment thereof, on the day appointed for payment.

2nd. That immediately after the expiration of any year, that is, the 27th of January in any year, the State may sue for any arrear of annuity which accrued due in the year and remains unpaid.

3rd. That on either hypothesis the judgment must be affirmed, since the plea goes to the entire cause of action.

GOLDSBOROUGH, J., delivered the opinion of this court:

The action in the above case is brought to recover the arrears of an annuity of $90,000, which the company stipulated to pay to the State, by its mortgage, executed on the 27th of January 1855.

The covenant declared on is in these words: "And the Northern Central Railway Company aforesaid, doth hereby covenant, promise and agree, to and with the State of Maryland aforesaid, by these presents, that it, the said company, shall and will well and truly pay or cause to be paid unto the State of Maryland, an annuity of ninety thousand dollars a year, payable into the treasury of the said State, in quarterly payments, commencing from the date of the execution of this indenture or mortgage, in the manner provided and required by the provisions of the said Act of January session 1854, ch. 260." The defendant pleaded "that by the true construction of the said mortgage, the State of Maryland is precluded from instituting suit for any default, except when the whole amount of the annuity due in any one year has been due and unpaid by the space of three months, and that such amount was not so due at the time of the institution of this suit."

To this plea the plaintiff demurred. The defendant joined in demurrer, and the plaintiff obtained judgment thereon. Upon this judgment the defendant appealed to this court.

We approve of the judgment of the court below. The State of Maryland being a large creditor of the Baltimore and Susquehanna Railroad Company, and having its rights secured by liens, consented to abandon those liens at the instance of the appellants, upon the condition that the appellants would execute the mortgage mentioned in the record. This arrangement was doubtless resorted to by both parties, in view of mutual benefits arising to them respectively:—to the appellants, by the consolidation sought to be effected, and to the appellee, by the punctual payment of the annuity agreed upon, according to the terms of the mortgage.

The mortgage contains a stipulation "that until default is made in the payment of the said annuity of ninety thousand dollars a year, or some part thereof, and until three months

subsequent to a default of the company to pay the whole
amount of said annuity which may fall due in any one year,
it shall and may be lawful to and for the Northern Central
Railway Company aforesaid, to hold and enjoy the said rail-
road and other the premises hereby granted and sold, or in-
tended and meant so to be, and the income, profits and pro-
duce thereof, to receive and take to its own use, without any
lawful let, suit, interruption, disturbance, claim or demand
whatsoever, of, from or by the State of Maryland aforesaid,
or any other person or persons lawfully claiming or to claim
by, from or under the State.''

We have set out at large this provision of the mortgage,
because upon it, has been based the whole argument of the
appellant, who insists that by its terms "the State was pre-
ven'ed from instituting any *suit* upon the covenant to pay in
the mortgage, *until a whole year's annuity had been in arrear
three months.''*

By adverting to the covenant upon which the suit is brought,
it will be seen that the obligation upon the company is to pay
into the treasury $90,000 a year, in *quarterly payments, from
the date of the mortgage.* The failure to pay any quarterly
instalment, is a breach of the covenant, which entitles the
covenantee to maintain a suit upon the covenant. In sup-
port of so plain a proposition we need cite no authority; nor
do we understand it to be denied by the appellant. But this
right of action is supposed to be controlled or taken away by
the terms of the stipulation for quiet enjoyment by the mort-
gagor, in the mortgage recited.

In the opinion of this court, the construction put upon this
last clause in the mortgage, cannot be supported. If we ad-
vert to the provisions of the Act of Assembly referred to in
the mortgage, and in conformity with which it purports to
have been executed, it is clear that such a construction of the
instrument finds no sanction in the Act of Assembly. While
the power of sale is not to be exercised until after the lapse
of three months subsequent to default made in paying the
whole of the annuity falling due in any one year, it is plain,
from the Act of Assembly, that the intention of the Legisla-

ture was to require a mortgage containing such covenants and provisions as would compel the payment of the annuity in *quarterly* payments; and a covenant to that effect is contained in the mortgage. That is a distinct and independent covenant, a breach of which, as we have said, would give an immediate right of action to the mortgagee; unless that is limited and controlled by the subsequent stipulation relied on by the appellant.

This last provision was not prescribed by the Act of Assembly; and although we may not, for that reason, pronounce it void, or disregard its legal effect in a proceeding like this, (but upon this question we pronounce no opinion,) yet we may properly refer to the Act of Assembly, to aid us in construing its meaning, when its terms are equivocal in their import.

But confining ourselves to the mortgage, and construing its terms according to their fair and reasonable import, we are of opinion that they do not justify the interpretation which the appellant has put upon them. The words are: "Provided always, that until default is made in the payment of the said annuity of $90,000 a year, *or* some part thereof, and until three months subsequent to a default of the company to pay the whole amount of said annuity which may fall due in any one year," &c.

Now a default in paying the whole amount, &c., is equivalent to saying, if the whole amount be not paid in any one year, and does not import that a whole year's annuity must be in arrear for three months. According to the account filed in the record, it is manifest that all the instalments claimed were due and in arrear for three months before suit brought; so that in any view of the case, the plea could not be sustained.

In the argument of the case, the appellant waived the other grounds of defence in his brief, and relied solely on the matter presented by the plea.

We have, therefore, confined ourselves to the examination of that single question; and concurring with the ruling of the Superior Court upon the demurrer, the judgment is affirmed.

*Judgment affirmed.*

(Decided February 25th, 1861.)